FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

'14 SEP 17 AM 11: 10

CARL ERWIN,

CASE NO.: 5:14-cv-500-oc-30PRL

Plaintiff,

-VS-

WHETSTONE PARTNERS, LLC,
d/b/a ETITLELOAN,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Marion County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Marion County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

1

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (352) 484-7087, and was the called party and recipient of Defendant's hereafter described calls.

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

15. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

16. On or about August 14, 2013, Plaintiff procured a loan with Defendant, for which payment was to be made by the Plaintiff on the 14th of each month for the term of one year.

17. In or about September 11, 2013, Defendant initiated its campaign of phone calls to the Plaintiff on his aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from the following phone number: (305) 508-9100.

18. On or about, but not limited to, July 19, 2014 at 2:00 pm EST, July 21, 2014 at 1:56 pm EST, July 22, 2014 at 9:09 am and 4:28 pm EST, July 23, 2014 at 9:02 am EST, July 24, 2014 at 9:02 am and 4:50 pm EST, July 25, 2014 at 5:16 pm ESTJuly 26, 2014 at 9:56 am and 1:55 pm EST, July 28, 2014 at 9:16 am EST, Plaintiff received an automated telephone call to his aforementioned cellular telephone from Defendant who left a voicemail which included the same pre-recorded voice leaving the following message:

> "This is ETitle Loan calling about your past due account. Please call us at (305) 508-9100 to resolve this matter urgently. You may choose to opt out of receiving these calls, your vehicle will be repossessed or sold at auction without notice. Press one for an agent, press eight to continue to opt out, or call (800) 421-4917."

19. In or about April of 2014, Plaintiff called Defendant and spoke with an agent or representative, stating that social security payments he was receiving did not pay him until the third Wednesday of every month, that he would not be able to make a payment until then, to stop calling him, and revoked any express consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

20. On more than three occasions, Plaintiff has answered the Defendants phone calls in an attempt to be removed from the call list, informing the Defendant not to call him any longer.

21. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

22. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call his aforementioned cellular telephone number.

23. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite not having his express permission to do so.

24. Defendant has made approximately two-hundred fifty (250) phone calls to Plaintiff's aforementioned cellular telephone number since April of 2014 through the filing of this Complaint. [Please see **Exhibit "A"** demonstrating a non-exclusive list of at least 51phone calls].

25. Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

26. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

27. Defendant has a corporate policy of using an automatic telephone dialing system, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

28. Defendant has a corporate policy of leaving voicemails using a pre-recorded or artificial voice without consent, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

29. Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

30. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

31. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

32. Defendant violated the TCPA with respect to the Plaintiff.

33. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff

## COUNT I
### (Violation of the TCPA)

34. Plaintiff incorporates Paragraphs one (1) through thirty-three (33).

35. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

36. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

37. Plaintiff incorporates Paragraphs one (1) through thirty-three (33).

38. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

39. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

40. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

41. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

42. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Amanda J. Allen*
Amanda J. Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
Attorney for Plaintiff

# Phone Call Log for (352) 484-7087

|     | Date       | Time     | Caller         |
| --- | ---------- | -------- | -------------- |
| 1.  | 04/19/2014 | 09:20 am | (305) 508-9100 |
| 2.  | 04/21/2014 | 12:16 pm | (305) 508-9100 |
| 3.  | 04/22/2014 | 10:28 am | (305) 508-9100 |
| 4.  | 04/23/2014 | 10:29 am | (305) 508-9100 |
| 5.  | 04/24/2014 | 10:30 am | (305) 508-9100 |
| 6.  | 04/25/2014 | 10:30 am | (305) 508-9100 |
| 7.  | 04/25/2014 | 04:28 pm | (305) 508-9100 |
| 8.  | 04/27/2014 | 11:09 am | (305) 508-9100 |
| 9.  | 04/28/2014 | 10:21 am | (305) 508-9100 |
| 10. | 04/29/2014 | 10:28 am | (305) 508-9100 |
| 11. | 04/30/2014 | 10:21 am | (305) 508-9100 |
| 12. | 05/01/2014 | 10:16 am | (305) 508-9100 |
| 13. | 05/02/2014 | 10:20 am | (305) 508-9100 |
| 14. | 05/03/2014 | 10:16 am | (305) 508-9100 |
| 15. | 05/04/2014 | 10:20 am | (305) 508-9100 |
| 16. | 05/06/2014 | 10:16 am | (305) 508-9100 |
| 17. | 05/07/2014 | 10:26 am | (305) 508-9100 |
| 18. | 05/08/2014 | 10:20 am | (305) 508-9100 |
| 19. | 05/09/2014 | 10:15 am | (305) 508-9100 |
| 20. | 05/12/2014 | 09:02 am | (305) 508-9100 |
| 21. | 05/13/2014 | 09:07 am | (305) 508-9100 |
| 22. | 05/13/2014 | 02:15 pm | (305) 508-9100 |
| 23. | 05/14/2014 | 10:10 am | (305) 508-9100 |
| 24. | 05/15/2014 | 10:00 am | (305) 508-9100 |
| 25. | 05/16/2014 | 09:27 am | (305) 508-9100 |
| 26. | 05/18/2014 | 10:00 am | (305) 508-9100 |
| 27. | 05/19/2014 | 10:58 am | (305) 508-9100 |
| 28. | 05/19/2014 | 08:57 am | (305) 508-9100 |
| 29. | 05/20/2014 | 01:16 pm | (305) 508-9100 |
| 30. | 05/20/2014 | 06:15 pm | (305) 508-9100 |
| 31. | 05/21/2014 | 09:20 am | (305) 508-9100 |
| 32. | 05/22/2014 | 09:15 am | (305) 508-9100 |
| 33. | 05/23/2014 | 10:00 am | (305) 508-9100 |
| 34. | 05/24/2014 | 09:10 am | (305) 508-9100 |
| 35. | 05/26/2014 | 10:15 am | (305) 508-9100 |
| 36. | 05/27/2014 | 07:41 am | (305) 508-9100 |
| 37. | 05/28/2014 | 05:56 pm | (305) 508-9100 |
| 38. | 05/30/2014 | 09:50 am | (305) 508-9100 |
| 39. | 05/31/2014 | 11:25 am | (305) 508-9100 |
| 40. | 06/12/2014 | 09:10 am | (305) 508-9100 |
| 41. | 06/03/2014 | 09:13 am | (305) 508-9100 |

EXHIBIT A

# Phone Call Log for (352) 484-7087

| 42. | 06/03/2014 | 05:58 pm | (305) 508-9100 |
|---|---|---|---|
| 43. | 06/4/2014 | 09:15 am | (305) 508-9100 |
| 44. | 06/04/2014 | 06:00 pm | (305) 508-9100 |
| 45. | 06/11/2014 | 12:42 pm | (305) 508-9100 |
| 46. | 06/11/2014 | 02:52 pm | (305) 508-9100 |
| 47. | 06/13/2014 | 11:28 am | (305) 508-9100 |
| 48. | 06/17/2014 | 09:16 am | (305) 508-9100 |
| 49. | 06/17/2014 | 05:05 pm | (305) 508-9100 |
| 50. | 06/18/2014 | 09:12 am | (305) 508-9100 |
| 51. | 06/18/2014 | 05:59 pm | (305) 508-9100 |